

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-13,444-17

### EX PARTE DARIUS DURON ELAM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 380350-I IN THE 232ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. Keel, J. not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Elam v. State*, No. 14-84-00394-CR (Tex. App.—Houston [14th] June 12, 1986).

Applicant contends, among other things, that newly available DNA evidence proves he is actually innocent. He also alleges that the DNA evidence entitles him to relief under Texas Code of Criminal Procedure §11.073.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,

additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court may order depositions, interrogatories or a hearing. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding whether new DNA lab reports support his contention that he is entitled to relief. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: April 3, 2019

Do not publish